IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEMARIO WALKER, #L1625                                        PLAINTIFF

VERSUS                          CIVIL ACTION NO. 3:08cv96-TSL-JCS

HALEY BARBOUR, JIM HOOD
UNITED STATES OF AMERICA, and
UNITED STATES ATTORNEY GENERAL                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court, sua sponte, for consideration of dismissal of the plaintiff's claims against Haley Barbour, Jim Hood, United States of America and United States Attorney General.[1] The plaintiff is a prisoner presently incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi. As relief, the plaintiff is requesting that all the statutes referred to in the instant civil action be declared unconstitutional, that this court legalize same-sex marriages, that this court require the military to allow homosexuals to enter into military services and that this court require the military to allow convicted felons to enter into military service.

## I. Background

The plaintiff argues that the Mississippi marriage statute; Defense of Marriage Act; Title 10 U.S.C. § 654 commonly known as the "Don't Ask Don't Tell" Act; and barring of a person convicted

---

[1] The complaint was filed by the plaintiff on a form used by prisoners to file a conditions of confinement complaint.

of felonies from military service are unconstitutional and violates the 4th, 5th, 9th and 14th amendments as well as the plaintiff's right to travel. Additionally, the plaintiff claims that these acts and statutes are discriminatory. As a result, the plaintiff has filed the instant civil action.

## II.  Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding in forma pauperis in this court. One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a

federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. The court has permitted the plaintiff to proceed in forma pauperis in this action, and thus his complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2).

## A. Previously filed civil action

This court finds that the plaintiff has previously filed a civil action challenging the constitutionality of Mississippi's ban of same-sex marriages. See Walker v. State of Mississippi, et al, No. 3:04cv140-TSL-JCS (S.D. Miss. June 26, 2006). A final judgment was entered on July 25, 2006, in that civil action dismissing it with prejudice. Therefore, the plaintiff has already litigated the issue of whether the denial of same-sex marriages in Mississippi is unconstitutional and as such, that claim in the instant civil action is found to be duplicative and will be dismissed for the reason set forth below.

If a pauper seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff, then dismissal of the ensuant action is warranted.

Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.1989). The United States Court of Appeals for the Fifth Circuit further defined these duplicative actions as "malicious," even prior to the disposition of the first suit. Pittman v. K. Moore, 980 F.2d 994, 995 (5th Cir. 1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). The plaintiff is entitled to "one bite at the litigation apple--but no more." Pittman v. K. Moore, 980 F.2d 994, 995 (5th Cir. 1993). Therefore, since this claim is duplicative, the plaintiff cannot pursue his claim in the instant civil action that the Mississippi marriage statute prohibiting same-sex marriage is unconstitutional.

### B. Defense of Marriage Act

The Defense of Marriage Act (DOMA) has been codified at 1 U.S.C. § 7 and 28 U.S.C. § 1738C. Title 28 of the United States Court Section 1738C of the DOMA provides:

> No State territory, or possession of the United States, or Indian tribe, shall be required to give effect to any public act, record, or judicial proceeding of any other State, territory, possession, or tribe respecting a relationship between persons of the same sex that is treated as a marriage under the laws of such other State, territory, possession, or tribe, or a right or claim arising from such relationship.

Title 1 of the United States Code Section 7 states that the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or a wife.

4

In the case at bar, the plaintiff fails to establish that he and his partner have entered into a legal relationship that is recognized or treated as a marriage. In fact, the plaintiff complains that the state of Mississippi does not provide for same-sex marriage. Under these circumstances, the plaintiff simply does not have standing to bring this action. See Smelt v. County of Orange, 447 F.3d 673 (9th Cir. 2006); Bishop v. Oklahoma, 447 F.Supp. 1239 (N.D. Okla. 2006). Therefore, the plaintiff cannot maintain this claim.

### C. Don't Ask Don't Tell Act and Barring Persons Convicted of Felonies from Military Service

The statutory scheme which governs homosexuality in the military is found at 10 U.S.C. § 654 and is commonly referred to as the "Don't Ask Don't Tell" Act. See Cook v. Gates, 528 F.3d 42, 45 (1st Cir. 2008). This Act "provides for the separation of members of the military who engage, attempt to engage, intend to engage, or have a propensity to engage in a homosexual act." Id. (citing 10 U.S.C. § 654(b)). The plaintiff argues that this Act is unconstitutional. Additionally, the plaintiff complains that the military bars convicted felons from entry into service.

This court finds that under the circumstances of the instant civil action the plaintiff fails to have standing to pursue these claims.[2]

---

[2]The plaintiff was given an opportunity by order [12] entered April 7, 2008, to provide facts to support his claims

5

> A question of standing raises the issue of whether the
> plaintiff is entitled to have the court decide the
> merits of the dispute or of particular issues.
> Standing is a jurisdictional requirement that focuses
> on the party seeking to get his complaint before a
> federal court and not on the issues he wishes to have
> adjudicated.

Pederson v. La. State Univ., 213 F.3d 858, 869 (5th Cir. 2000)(quoting Cook v. Reno, 74 F.3d 97, 98-99 (5th Cir. 1996) (internal quotations and footnotes omitted). There are three elements that the plaintiff must establish in order to have standing. Id. (citing Sierra Club v. Peterson, 185 F.3d 349, 360 (5th Cir. 1999)). The elements are (1) "plaintiff must show that it has suffered an injury in fact-a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical"; (2) "plaintiff must establish causation-a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant"; and (3) "there must be redressability-a likelihood that the requested relief will redress the alleged injury." Id.

The allegations of the complaint establish that the plaintiff is presently serving a state court sentence and there is no indication from his complaint and response [15] that he was discharged from the military because of the policy of "Don't Ask, Don't Tell". Moreover, this court finds that the Act or policy of "Don't Ask, Don't Tell" has not been declared

---

asserted in his complaint. The plaintiff filed a response [15] on April 21, 2008. He also filed additional pleadings and documents [16, 17, 19, & 32] relating to the instant civil action.

unconstitutional. See Gates v. Cook, 528 F.3d 42, 45 (1st Cir. 2008); Witt v. Dep't of Air Force, 527 F.3d 806, 822 (9th Cir. 2008). Furthermore, there is no indication from the complaint and response [15] that the plaintiff has been denied entry into the military because he is a convicted felon. In fact, the plaintiff's claims are conclusory. Therefore, applying the applicable case law as set forth above, this court finds that the plaintiff cannot maintain these claims.

### III. Conclusion

As discussed above, the plaintiff's claim that the Mississippi marriage statute is unconstitutional because it prohibits same sex marriages is duplicative of a previously filed civil action. Consequently, that claim is dismissed with prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The plaintiff's claims relating to the DOMA, Title 10 U.S.C. § 654 also known as the policy of "Don't Ask Don't Tell", and Barring Persons Who Are Convicted of Felonies from Military Service as being unconstitutional, will be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 12th day of March, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE